**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

July 14, 2026

LETTER TO COUNSEL:

RE:    *Kacy W. v. Frank Bisignano, Commissioner of Social Security*[1]
Civil No. TJS-25-1465

Dear Counsel:

On May 6, 2025, Plaintiff Kacy W. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). ECF No. 1. The case has been assigned to me for all proceedings with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties (ECF Nos. 11, 13 & 14), I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Kacy W. filed her application for SSI on July 21, 2020. Tr. 170. She alleged a disability onset date of February 1, 2017, but later amended the onset date to July 21, 2020. *Id.* Her application was denied initially and upon reconsideration. *Id.* A telephonic hearing was held before an ALJ on March 14, 2024. *Id.* After conducting the hearing, the ALJ issued a written decision in which he concluded that Kacy W. was not disabled under the Social Security Act. Tr. 170-89. The Appeals Council denied Kacy W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Kacy W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Kacy W. has not engaged in substantial gainful activity since July 21, 2020 (the application date). Tr. 172. At step two, the ALJ found that Kacy W. suffers from the following severe impairments: "a mental impairment variously diagnosed as major depression, generalized anxiety disorder, obsessive compulsive disorder, posttraumatic stress disorder (PTSD), phobias (heights, elevators, and traffic jams), anxiety reaction, anxiety, panic attack, unspecified anxiety disorder, and unspecified depressive disorder; thoracic spine scoliosis, lumbar spine degenerative disc disease, antero-

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. He is therefore substituted as the defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] This case was originally assigned to Judge Douglas R. Miller. On March 30, 2026, it was reassigned to me.

spondylolisthesis, spondylolisthesis, and spondylosis; obesity; heart palpitation; right knee anterior cruciate ligament (ACL) rupture; bilateral hip pain; left knee degenerative joint disease; degenerative disc disease of the cervical spine; and degenerative joint disease of the left foot." Tr. 172. At step three, the ALJ found that Kacy W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R. pt. 404, subpt. P, app. 1 ("Listings"). Tr. 176-79. The ALJ determined that Kacy W. retains the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can only occasionally lift and/or carry 10 pounds, frequently lift and/or carry less than 10 pounds, stand and/or walk for a total of 2 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, occasionally climb ramps and stairs, balance and stoop, and never climb ladders, ropes, and scaffolds, kneel, crouch and crawl. She must avoid all exposure to hazards (machinery, heights, etc.). She requires the ability to alternate between sitting and standing about every 30 minutes. She is limited to performing simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line, and with no contact with the general public.

Tr. 179.

At step four, the ALJ determined that Kacy W. is unable to perform past relevant work. Tr. 187. At step five, considering the testimony provided by a vocational expert ("VE"), as well as the claimant's age, education, work experience, and RFC, the ALJ determined that Kacy W. could perform jobs that exist in significant numbers in the national economy, including table worker, patcher, and stuffer. Tr. 187-88. The ALJ thus concluded that Kacy W. was not disabled under the Social Security Act since July 21, 2020, through the date of the decision. Tr. 188-89.

Kacy W. presents a single argument in her appeal: the ALJ erred by setting forth an inadequate hypothetical to the vocational expert, rendering the ALJ's RFC and step-five determinations unsupported by substantial evidence. ECF No. 11 at 7-13. She argues that in the hypothetical to the VE and in the RFC determination, the ALJ limited Kacy W. to performing work "which would not require a fast pace or production quotas such as would customarily be found on an assembly line." ECF No. 11 at 8; Tr. 179, 489. She argues that the terms in this restriction are not defined in the regulations or in the Dictionary of Occupational Titles, and that the ALJ did not define the terms for the VE. *Id.* Because the terms are susceptible to multiple interpretations, she contends that the Court cannot assume that the VE and the ALJ understood the terms to mean the same thing. *Id.* (citing, *inter alia*, *Linger v. Comm'r of Soc. Sec.*, No. 22-2192, 2025 WL 40548 (4th Cir. Jan. 7, 2025) (unpublished); *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); *Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. 2019)). The Commissioner contends that the ALJ's hypothetical question, Tr. 489, and RFC assessment, Tr. 179, provide sufficient context for the meaning of the challenged pace limitation for the Court to find that the ALJ's decision is supported by substantial evidence. ECF No. 13 at 6-12.

In *Thomas*, the Fourth Circuit found that an ALJ's RFC limitation excluding work that required a "production rate or demand pace" precluded meaningful review because the ALJ did not explain what those phrases meant. 916 F.3d at 312. And in *Perry*, the Fourth Circuit remanded a case where the ALJ failed to define the meaning of the phrase "non-production oriented work setting." 765 F. App'x at 872-73. For a time, some of the judges of this Court rejected disability claimants' "production rate pace" arguments if the ALJ provided at least some explanation of the meaning of the term. *See Alycia H. v. Bisignano*, No. DRM-25-3114, 2026 WL 1855650, at *3 (D. Md. June 27, 2026) (collecting cases). But in *Linger*, the Fourth Circuit subsequently held that an ALJ's use of the phrase "no fast paced production requirements such as assembly line work or piecemeal quotas" did not adequately describe a limitation because "[t]hough the ALJ provided some examples, there remains uncertainty as to the intended scope of the limitation, and such uncertainty precludes meaningful review as to whether there is a logical bridge between the evidence in the record and the ALJ's conclusion." 2025 WL 40548, at *5 (citing *Perry*, 765 F. App'x at 872-73).

The Court finds *Linger*'s reasoning persuasive.[3] In this case, the ALJ made the same error that the Fourth Circuit found in *Linger*, *Thomas*, and *Perry*. The ALJ's finding that the claimant can perform jobs available in the national economy is based on the VE's testimony that a hypothetical individual with the claimant's limitations, including a limitation to work that does "not require a fast pace or production quotas such as would customarily be found on an assembly line," would be able to perform certain identified jobs. Because the terms that the ALJ used in defining the claimant's limitations were not adequately defined, the Court is unable to find that the ALJ's RFC determination and step-five finding are based on substantial evidence.

For the reasons set forth herein, both parties' briefs, construed as motions for summary judgment (ECF Nos. 11 & 13), are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is **REVERSED**. The case is **REMANDED** for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion on the agency's ultimate disability determination.

The Clerk is directed to **CLOSE** this case.

Sincerely yours,

_/s/_____
Timothy J. Sullivan
Chief United States Magistrate Judge

---

[3] Unpublished Fourth Circuit opinions are cited "for the persuasiveness of their reasoning, not for any precedential value." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 580 (D. Md. 2022).